UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RELANDO B. RENCHER,            )
                               )
        Plaintiff              )
                               )
        v.                     )  CIVIL NO. 1:10 cv 447
                               )
AT&T MOBILITY SERVICES, LLC,   )
                               )
        Defendant              )

## REPORT AND RECOMMENDATION

This matter is before the court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(d) and 41(b) [DE 25] filed by the defendant, AT&T Mobility Services, LLC, on February 1, 2012, and the Request for Ruling on Plaintiff's Failure to File a Response to Defendant's Motion to Dismiss [DE 29] filed by defendant AT&T on February 27, 2012. For the following reasons, it is **RECOMMENDED** that AT&T's motions be **GRANTED** and that the plaintiff's complaint be **DISMISSED.**

### Background

On December 16, 2010, the plaintiff, Relando Rencher, filed a complaint alleging that the defendant, AT&T, violated Title VII and the Equal Pay Act. AT&T answered Rencher's complaint on February 28, 2011, and on May 6, 2011, filed the report of the parties' planning meeting. The court approved the parties' planning meeting and set June 17, 2011, as the deadline for the

parties' exchange of initial disclosures, January 16, 2012, as the deadline for Rencher to disclose his expert witnesses, and April 30, 2012, as the discovery deadline.

On June 23, 2011, AT&T served its first set of interrogatories and requests for production. Rencher e-mailed AT&T handwritten responses on July 23, 2011. The majority of Rencher's answers stated "further information will be provided once I obtain legal counsel." AT&T sent Rencher a letter asking him to amend, clarify, and supplement his responses. AT&T further explained that Rencher's response was not appropriate nor was it a legally sufficient basis on which information may be withheld. Rencher did not provide any written responses to AT&T's first request for production and produced only the EEOC charge file. AT&T requested that Rencher supplement his responses to its requests for production and to produce a written response to each item in AT&T's request for production. On October 19, 2011, AT&T sent Rencher a letter to notify him of his deficiencies in responding to discovery. AT&T's counsel attached a copy of Federal Rule of Civil Procedure 37 to the letter. AT&T's counsel sent a follow up letter on November 8, 2011, in an effort to resolve the discovery dispute. Rencher did not respond.

In light of Rencher's failure to cooperate, AT&T filed a motion to compel on December 7, 2011. Rencher did not respond to

2

the motion. The court granted AT&T's motion and ordered Rencher to supplement his responses to AT&T's interrogatories and requests for production by January 18, 2012. To date, Rencher has not supplemented his discovery responses.

Rencher also has ignored several other court ordered deadlines. Rencher has not served his initial disclosures that were due June 17, 2011, nor has he served his expert witness disclosures and reports which were due January 16, 2012. AT&T contends that Rencher has refused to engage in the discovery process and has failed to give any indication that he is willing to prosecute his claims. On February 1, 2012, AT&T filed the present motion to dismiss Rencher's claims for failure to prosecute and engage in discovery. AT&T sent the motion to Rencher with a notice advising him of his obligations to respond to the motion to dismiss. Rencher did not respond, and AT&T moves for a summary ruling.

## Discussion

Rule 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing

agent--or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part;

    (vi) rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve orderly disposition. See **Chambers v. NASCO, Inc.,** 501 U.S. 32, 44, 47, 111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party); **Barnhill v. United States**, 11 F.3d 1360, 1367 (7th Cir. 1993).

The court must consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." **Rice v. City of Chicago**, 333 F.3d 780, 784 (7th Cir. 2003) (citing **Williams v. Chicago Bd. of Educ.**, 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. **Collins v. Illinois,** 554 F.3d 693, 696-698 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. **Barnhill**, 11 F.3d at 1368.

The court may sanction a party by dismissing the case under Rule 37 for failing to obey a court order or as a discovery sanction, or the court may sanction the plaintiff under Federal Rule of Civil Procedure 41(b) by dismissing the case for failure

5

to prosecute. *See* Rule 41 ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. **Sun v. Board of Trustees**, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); **Maynard v. Nygren**, 332 F.3d 462, 467-68 (7th Cir. 2003); **Danis v. USN Communications, Inc.**, 2000 WL 1694325, *33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (*citing* **Societe Internationale v. Rogers**, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). The court first must consider whether less severe sanctions will remedy the damage. **Marrocco v. General Motors**, 966 F.2d 220, 223-24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction.  When assessing dismissal for want or prosecution or failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing.  *Maynard*, 332 F.3d at 468–69; *Large v. Mobile Tool International, Inc.*, 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required.").  In determining what sanctions are appropriate, the court should consider the length of the delay, any reasons advanced for the refusal to comply with the discovery orders, and the willfulness or bad faith of the recalcitrant party. *See generally* ***Insurance Corporation of Ireland Ltd. v. Compagnie des Bauxites de Guinea***, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); ***Hindmon v. National-Ben Franklin Life Insurance Corporation***, 677 F.2d 617, 620—21 (7th Cir. 1982); ***Margoles v. Johns***, 587 F.2d 885, 888 (7th Cir. 1978).

"A slightly different requirement - a finding of willfulness, bad faith or fault - comes into play when dismissals are

used specifically as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 468-69 (*citing* *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard*, 332 F.3d at 468. *See also*, *Melendez v. Illinois Bell Co.*, 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco*, 966 F.2d at 224; *Maynard*, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct — or lack thereof — which eventually culminated in the violation."

8

*Marrocco*, 966 F.2d at 224; *Langley*, 107 F.3d at 514. The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. *Maynard*, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); *Larson v. Bank One Corp.*, 2005 WL 4652509, *9 (N.D. Ill. August 18, 2004) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

In this case, the length of delay, lack of justification, and failure to prosecute are inexcusable. AT&T sought routine information such as Rencher's injuries and illnesses, medications, treating physicians, and diagnoses, identification of any witnesses to the events giving rise to his complaint, the amount and nature of damages Rencher alleges to have suffered, and identification of any documents supporting his allegations. None of the questions requested an extensive investigation that would have required the assistance of an attorney. The only justification that can be inferred from the record for Rencher's failure to respond to the discovery requests is the difficulty he faced

9

obtaining counsel. However, he has failed to explain how that difficulty interfered with providing answers to a brief set of interrogatories.

Rencher's failure to answer the discovery requests must be considered deliberate, willful, and in bad faith. AT&T instructed Rencher that he was required to provide complete answers and that waiting to secure counsel was not a viable excuse for refusing to provide responses, and also gave him a copy of Rule 37. On January 5, 2012, the court ordered Rencher to supplement his responses within 14 days. However, Rencher has made no attempt to provide supplemental responses and did not respond to AT&T's motion to compel or motion for sanctions. Furthermore, Rencher has failed to comply with other court deadlines and to respond to AT&T's motion to compel and motion to dismiss. Rencher has not prosecuted his case, and his failure to participate in discovery, abide by court orders, and respond to pending motions is grounds for dismissal.

Although dismissal of a complaint is a drastic action, Rencher has failed to prosecute his case, comply with discovery requests, respond to motions, and comply with the court order directing him to supplement his discovery responses and pay attorneys fees, without justification. There is absolutely no indication that any order, short of dismissal, will be effective.

---

For the foregoing reasons, the court **RECOMMENDS** that Rencher's complaint be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have 14 days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies mailed to the Chambers of the Honorable Robert L. Miller, Jr., Judge of the United States District Court, South Bend Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 30th day of April, 2012

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge